1   Aaron G. Stites (Cal. Bar No. 255994)
    agstites@stitesfirm.com
2   STITES LAW FIRM
    4215 Tierra Rejada Road, #197
3   Moorpark, CA 93021
    Tel: (310) 743-6438
4

5   *Attorney for Plaintiff*

6

7

8                UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11

12  NORMA DAVIS,                    )  Case No. CV08-8279 CBM (CTx)
                                    )
13                Plaintiff,        )  Honorable Consuelo B. Marshall
                                    )
14        v.                        )
                                    )  **DISCOVERY MATTER**
15                                  )  [Referred to Hon. Carolyn Turchin]
                                    )
16  LOS ANGELES TRAVELODGE WEST     )
    PARTNERSHIP, L.P.               )  **LOCAL RULE 37-2 JOINT**
17                                  )  **STIPULATION ON PLAINTIFF'S**
                                    )  **MOTION TO COMPEL ANSWERS**
18                Defendants.       )  **TO INTERROGATORIES; AND**
                                    )  **REQUEST FOR AN ORRDER**
19  _____    **WITH RECOMMENDATIONS OF**
20                                     **$2,950 IN MOENTARY**
                                       **SANCTIONS**
21

22

23  Hearing Date:  July 6, 2009
    Time:          2:00 p.m.
24  Courtroom:     590

25  Action Filed:       12/18/2008
26  Discovery Cutoff:   07/15/2009
    Pretrial Conf:      09/14/2009
27  Trial Date:         10/06/2009

28

_____

1

## **TABLE OF CONTENTS**        **Page**

2  I.     INTRODUCTORY STATEMENTS...................................................... 4

3       A.     Plaintiff's Introductory Statement....................................... 4

4       B.     Defendant's Introductory Statement................................... 5

5  II.    ISSUES IN DISPUTE....................................................................... 6

6       A.     Issues Plaintiff Contends are in Dispute............................. 6

7       B.     Issues Defendant Contends are in Dispute........................... 6

8  III.   CONTENTIONS ON DEFENDANT'S "PRELIMINARY

9       STATEMENT" TO INTERROGATORY RESPONSES........................... 6

10      A.     Plaintiff's Contentions on the "Preliminary Statement"................... 7

11           i.     How Plaintiff Proposed to Resolve the Dispute......................10

12      B.     Defendant's Contentions on the "Preliminary Statement"................10

13  IV.   CONTENTIONS ONDEFENDANT'S "GENERAL OBJECTIONS"......10

14      A.     Plaintiff's Contentions on the "General Objections"....................... 12

15           i.     How Plaintiff Proposed to Resolve the Dispute...................... 15

16      B.     Defendant's Contentions on the "General Objections".................... 15

17  V.    CONTENTIONS ON DEFENDANT'S SPECIFIC INTERROGATORY

18       RESPONSES AND OBJECTIONS............................................. 15

19      A.     Interrogatory No. 2............................................................. 16

20           i.     Plaintiff's Contentions on Interrogatory No. 2....................... 16

21                a.     How Plaintiff Proposed to Resolve the Dispute............ 18

22           ii.    Defendant's Contentions on Interrogatory No. 2.................... 18

23      B.     Interrogatory No. 8............................................................. 18

24           i.     Plaintiff's Contentions on Interrogatory No. 8....................... 18

25                a.     How Plaintiff Proposed to Resolve the Dispute............ 20

26           ii.    Defendant's Contentions on Interrogatory No. 8.................... 21

27      C.     Interrogatory No. 9............................................................. 21

28           i.     Plaintiff's Contentions on Interrogatory No. 9....................... 21

2

1              a.    How Plaintiff Proposed to Resolve the Dispute........... 21

2         ii.   Defendant's Contentions on Interrogatory No. 9................... 22

3    D.    Interrogatory No. 10........................................................................ 22

4         i.    Plaintiff's Contentions on Interrogatory No. 10.................... 22

5              a.    How Plaintiff Proposed to Resolve the Dispute........... 23

6         ii.   Defendant's Contentions on Interrogatory No. 10................. 23

7  IV.   CONTENTIONS ON A RECOMMENDATION OF SANCTIONS.......... 24

8    A.    Plaintiff's Contentions on a Recommendation of Sanctions............. 24

9         i.    How Plaintiff Proposed to Resolve the Dispute...................... 25

10   B.    Defendant's Contentions on a Recommendation of Sanctions.......... 25

11  V.    CONCLUSIONS.............................................................................. 26

12   i.    Plaintiff's Conclusion.......................................................  26

13   ii.   Defendant's Conclusion.................................................... 26

14  Declaration of Aaron G. Stites in Support................................................ 27

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL INTERROGATORIES

INTRODUCTORY NOTE

Defense counsel has made no attempt to comply with L.R. 37-2.2, for Defendant to provide its portion of this Joint Stipulation as required.  In accord with L.R. 37-2.4, the attached Declaration of Aaron Stites, Plaintiff's counsel, attests to this failure.

Plaintiff urges this Court to hear and decide this motion.  Discovery is soon to end by order of Judge Marshall, and Defendant is obstructing discovery.  The defense has refused all deposition dates, and has answered almost nothing.  Defendant has refused to identify witnesses (so they can be subpoenaed), has refused to identify documents and will not state their contentions; defense counsel only delays and serves evasive answers filled with improper objections.

If Plaintiff cannot get these discovery motions heard and decided, the defense will have been successful in stopping all discovery through the tactic of delay and evasions.

## I.     INTRODUCTORY STATEMENTS

### A.     Plaintiff's Introductory Statement

Plaintiff Norma Davis, an elderly lady, was denied a room at a hotel owned by Los Angeles Travelodge West Partnership, L.P. ("Defendant") because she is a disabled African-American.  In this race/disability discrimination case it is essential to learn what defenses are being asserted.  Unfortunately, Defendant is playing hide the ball.  As a tactic, defense counsel has completely obstructed discovery to prevent Plaintiff from obtaining evidence and discovering the claims made by Defendant. Defendant will only provide evasive and highly qualified responses to simple written discovery.  Defendant's main tactic is to obstruct written discovery with boilerplate objections.  Another tactic is to answer questions not asked.  Worse still, Defendant

4

1   consistently refuses to state whether information is being withheld pursuant to

2   boilerplate objections.

3        This motion involves only four (4) simple, but important, interrogatories (Ex.

4   "1" attached).  They only ask for Defendant's contentions and the identification of

5   certain important witnesses and documents.  Defendant refused to respond to several

6   questions, and when responses were given they were so qualified and narrowly

7   restricted by boilerplate objections as to be meaningless.  This motion is brought

8   because Defendant refused to remove pages of boilerplate objections and answer

9   several important questions (Responses, Ex. "2," attached).

10       Plaintiff undertook a considerable effort to informally resolve these issues

11  without court intervention.  Plaintiff's efforts were in vain.  Plaintiff's letters went

12  unanswered, and after a long pre-filing telephonic conference defense counsel

13  refused to withdraw a single objection and only agreed to provide a supplemental

14  answer to one question (i.e., Interrogatory No. 6).  Defense counsel further refused a

15  reasonable attempt to compromise, by declining to simply state in each interrogatory

16  response that no information was being withheld pursuant to boilerplate nuisance

17  objections and qualifications. Thereafter, Plaintiff's only choice was to abandon

18  discovery or file this motion.

19       At the status conference on June 1, 2009, Honorable Judge Marshall set the

20  trial in this case for October 3, 2009, and a discovery cut-off date just over one

21  month away.  It is time for Defendant's evasive gamesmanship to end.  As the

22  boilerplate preliminary statement, nuisance objections, and evasive responses

23  discussed herein show, the only way Defendant and its counsel will stop obstructing

24  discovery is if they are held accountable and sanctioned for their conduct.

25       **B.    Defendant's Introductory Statement**

26       Nothing received from defense counsel.

27  / / /

28  / / /

## II.   ISSUES IN DISPUTE

During the meet and confer telephonic conference, Defendant would not agree on the issues in dispute.  Hence, Defendant's version of disputed issues is listed immediately after Plaintiff's issues.

### A.   Issues Plaintiff Contends are in Dispute

The following issues are in dispute: (1) whether Defendant must remove its "Preliminary Statement" to Interrogatory responses; (2) whether Defendant must remove its "General Objections and Qualifications"; (3) whether Defendant must remove its specific objections to Interrogatories and provide non-evasive answers; and, (4) whether an order recommending monetary sanctions should be given to the district court judge for Defendant's evasive and incomplete discovery responses.

### B.   Issues Defendant Contends are in Dispute

Nothing received from defense counsel.

## III.   CONTENTIONS ON DEFENDANT'S "PRELIMINARY STATEMENT" TO INTERROGATORY RESPONSES

Defendant's boilerplate "Preliminary Statement" makes it impossible to know if information is being withheld, and Defendant expressly states this "Preliminary Statement" is to be "incorporated" into all interrogatory responses.  Accordingly, Plaintiff's contentions regarding this statement apply to all of Defendant's interrogatory responses (i.e., including those not mentioned herein, which would be acceptable if not for the obstructive preliminary statement and nuisance objections Defendant refused to remove). The text of Defendant's "Preliminary Statement" is given, verbatim, immediately below.

**Defendant's Preliminary Statement:** The following responses are based upon the facts, documents and/or information presently known and available to the Responding Party. The Responding Party has not completed its investigation of the facts relating to this case, discovery, or preparation for trial. As such, without

1  obligating itself to do so, the Responding Party reserves the right to change and/or
2  supplement these responses as additional facts are discovered, revealed, recalled or
3  otherwise ascertained, and as further analysis and research disclose additional facts,
4  contentions or legal theories. The responses are given without prejudice to
5  Responding Party's right to produce evidence of any subsequently discovered facts
6  and/or documents. The Responding Party will respond to each particular
7  Interrogatory in Plaintiffs First Set of Special Interrogatories as it understands and
8  interprets them. If the Propounding Party subsequently asserts an interpretation of an
9  interrogatory that differs from that of the Responding Party, the Responding Party
10 reserves the right to change and/or supplement its objections and/or responses. This
11 Preliminary Statement is incorporated by this reference into each and every response
12 below, as though set forth in full therein.

13        **A.      Plaintiff's Contentions on the "Preliminary Statement"**

14        Defendant claims its "Preliminary Statement" is "incorporated . . . into each
15 and every response, as though set forth in full . . .."  This is important because
16 Defendant is apparently using this "Preliminary Statement" as a reason for
17 withholding information and limiting the scope of interrogatory responses.

18        Defendant's "Preliminary Statement" contradicts the law on discovery, and
19 purports to give responding party far greater rights to limit answers than what is
20 permitted.  The Preliminary Statement starts by limiting, "The following responses .
21 . . [to] information presently known and available to the Responding Party."  This is
22 an improper limitation of the obligation to answer interrogatories.  It is evasive to
23 claim information is limited just to what "is presently known and available to
24 [Defendant]." Interrogatory answers must furnish "such information as is available
25 to the party." F.R.Civ.P. 33(a).  Moreover, as a corporate party, Defendant must
26 provide information from sources under its control; including its employees, officers
27 and directors. *Brunswick Corp. v. Suzuki Motor* (ED WI 1983) 96 FRD 684, 686.

28

1    Defendant's attempt to limit "information . . . to the Responding Party" is
2  very significant here.  Defendant is using this limitation to avoid giving information
3  from its hotel employees/mangers.  This type of gamesmanship is a deliberate
4  attempt to ambush Plaintiff at trial.  What Defendant wants is to spring new
5  information on Plaintiff at trial from some employee, who did not provide any
6  information in the answers to these interrogatories, because the "responses [were
7  only] based upon the facts, documents and/or information presently known and
8  available to the Responding Party."  This should not be permitted.

9    Next, Defendant tries to limit the effect of its answers with the pre-packaged
10  excuse that, "Responding Party has not completed . . . discovery, or preparation for
11  trial. . . . [so] without obligating itself to do so, the Responding Party reserves the
12  right to change . . . these responses."  Since discovery and trial preparation are
13  always ongoing during a case, until discovery is cut-off and trial begins, this is
14  clearly an abusive nuisance objection. Defendant wants to use this statement to
15  withhold information from interrogatory answers, based on the claim that it has not
16  "completed discovery or preparation for trial."

17    Furthermore, if Defendant can "reserve the right to change responses" when it
18  wishes, there is nothing to prevent Defendant from providing different responses at
19  the discovery cut-off date, or on the eve of trial.  Providing late supplemental
20  responses would prevent Plaintiff from doing follow-up discovery and for all
21  practical purposes subject Plaintiff to "trial by ambush." See *Royalty Petroleum Co.*
22  *v. Arkla, Inc.* (WD OK 1990) 129 FRD 674, 678.

23    It is also improper to claim "without obligating itself to do so, [Defendant]
24  reserves the right to change responses."  Defendant is obligated to supplement or
25  correct earlier interrogatory answers upon learning they are "in some material
26  respect incomplete or incorrect." F.R.Civ.P. 26(e).  Accordingly, this nuisance
27  limitation should be stricken.  Defendant cannot evade discovery with this canned
28  excuse.

1    Next, Defendant claims, "The responses are given without prejudice to
2  Responding Party's right to produce evidence of any subsequently discovered facts
3  and/or documents."  With this erroneous statement of law Defendant basically
4  contends trial by ambush is acceptable.  Defendant claims it can give limited
5  answers now, "without prejudice to [Defendant's] right to produce evidence" at
6  some later date.  This is of course nonsense.  If the law permit Defendant to produce
7  evidence "without prejudice" at some later date, there would be no point in having
8  discovery cut-off dates.

9    If Defendant produces evidence of "subsequently discovered facts and/or
10 documents" that contradict "given" responses, Plaintiff can certainly use this
11 information to Defendant's prejudice.  "An answer to an interrogatory may be used
12 to the extent allowed by the Federal Rules of Evidence." F.R.Civ.P. 33(c).  Pursuant
13 to the Rules of Evidence discovery responses can be used at trial against the
14 answering party. F.R. Evid. 801(d)(2)(A),(C) & (E).  If Defendant does not want to
15 be prejudiced by providing incomplete and evasive responses, it should answer
16 discovery properly in the first instance.

17    Finally, Defendant states that because it is responding "to each particular
18 Interrogatory . . . as it understands and interprets them. If [Plaintiff] subsequently
19 asserts an interpretation of an interrogatory that differs from that of [Defendant],
20 [Defendant] reserves the right to change and/or supplement its . . . responses." Once
21 again, this statement/objection is nonsense.  An interrogatory answer must be
22 complete in itself and not refer to extraneous evidence, like depositions or other
23 interrogatories. See *Scaife v. Boenne* (ND IN 2000) 191 FRD 590, 594.  Defendant
24 cannot change responses just because "interpretations differ" on discovery Plaintiff
25 "subsequently" conducts on the responses (e.g., depositions).  If Defendant is
26 permitted to change discovery responses based on questions Plaintiff asks at a
27 deposition, then testimony about the responses will become meaningless.  Plaintiff
28 cannot question a witness at trial about deposition answers given to specific

1 discovery responses, if the underlying discovery responses have changed and no
2 longer exist (i.e., when a written discovery response changes, the basis for a
3 deponent's answer changes).

4     Defendant's "preliminary statement" is designed to permit evasive responses.
5 The statement amounts to canned excuses Defendant wants to use to explain away
6 incomplete and evasive answers at some later date.  The statement attempts to avoid
7 legal ramifications for not answering discovery in good faith.  The party opposing a
8 motion to compel must support each ground on which it refused discovery.  See
9 *DIRECTV, Inc. v. Puccinelli* (*D KS* 2004) 224 FRD 677.  It is up to Defendant to
10 justify each ground of objection stated in its "Preliminary Statement." Since it is
11 legally impossible to do so, Defendant's improper boilerplate "Preliminary
12 Statement" should be ordered stricken.

13     **i.**    **How Plaintiff Proposed to Resolve this Dispute**

14     During the extensive meet and confer process, Plaintiff asked Defendant to
15 remove its "Preliminary Statement" because, amongst other things, Plaintiff had no
16 way of knowing whether information was being withheld pursuant to the objections
17 and qualifications.  Defendant's counsel refused to remove the statement.
18 Thereafter, in an effort to compromise, Plaintiff asked Defendant to state in each
19 response that no information was being withheld pursuant to the "Preliminary
20 Statement."  Again, Defendant refused; stating the "Preliminary Statement" was
21 proper, that it would not be removed, and that Defendant was not required to state
22 whether information was being withheld pursuant to the statement.

23     **B.**    **Defendant's Contentions on the "Preliminary Statement"**

24     Nothing received from defense counsel.

25

26 **IV.**    **CONTENTIONS ON DEFENDANT'S "GENERAL OBJECTIONS"**

27     The text of Defendant's general objections is given immediately below.  Since
28 these boilerplate objections are expressly "incorporated" into each interrogatory

1  response, Plaintiff's contentions regarding these nuisance objections apply to all

2  interrogatory answers given by Defendant (i.e., including those not specifically

3  addressed herein, where the given responses would have been sufficient but for

4  improper nuisance objections).

5      **Defendant's "General Objections and Qualifications:"** The following

6  General Objections and Qualifications are in addition to, and are incorporated in,

7  each of the Responses to the Special Interrogatories set forth herein below. The

8  failure to mention any of the following objections, privileges, and/or qualifications

9  in the specific Responses to the Special Interrogatories set forth below shall not be

10  deemed a waiver of such objection, privilege, or qualification. The Responding Party

11  objects to all individual Interrogatories to the extent they call for information

12  protected by the attorney-client privilege, the attorney work product doctrine or any

13  other applicable privilege or protection. To the extent that the Interrogatories call for

14  information protected by the attorney-client privilege, the attorney work product

15  doctrine or other applicable privilege or protection, the Responding Party hereby

16  claims such privilege and invokes such protection. The fact that the Responding

17  Party does not specifically object to an individual interrogatory on the ground that it

18  seeks such privileged or protected information shall not be deemed a waiver of the

19  protection afforded by the attorney-client privilege, the attorney work product

20  doctrine or other applicable privilege or protection. The Responding Party objects to

21  all of the individual Interrogatories to the extent that they seek the discovery of

22  sensitive and confidential business, financial and/or proprietary information of

23  Responding Party or any third party.  The Responding Party objects to all of the

24  individual Interrogatories to the extent they purport to impose upon Responding

25  Party the burden of furnishing information that is not available to it or that is equally

26  or more readily available to Propounding Party. The Responding Party objects to the

27  Interrogatories as a whole, and in combination with the other written discovery

28  requests served simultaneously on Responding Party, to the extent that they are

repetitive, overbroad, unduly burdensome and oppressive, and are intended to harass and annoy. The Responding Party objects to each and every Interrogatory that is vague, ambiguous and/or overbroad. Further, the Responding Party objects to each and every Interrogatory which is compound, requires the Responding Party to speculate or presents to Responding Party an incomplete hypothetical.

### A.   Plaintiff's Contentions on the "General Objections"

As if the "Preliminary Statement" was not enough, the defense decided more boilerplate "General Objections and Qualifications" were needed.  These nuisance objections confuse Defendant's responses further and make them even more evasive. Defendant's boilerplate "General Objections" effectively obfuscate its responses to the point that nothing is really answered.  Defense counsel's game is to make it impossible to know if a question is being answered in full, or if information is being withheld.  The defense wants to provide answers so ambiguous they are useless.

Defendant begins by stating its, "General Objections and Qualifications are in addition to, and are incorporated in, each of the Responses to the Special Interrogatories . . . [and] The failure to mention any . . . objections, privileges, and/or qualifications in the specific Responses . . . shall not be deemed a waiver . . .."  The federal rules expressly assert, however, that "The grounds for objecting to an interrogatory must be ***stated with specificity***. Any ***ground not stated*** in a timely ***objection is waived*** . . . ." F.R.Civ.P. 33(b)(4).  Since interrogatory objections need to be "stated with specificity," or such "objection is waived," it is improper for Defendant to claim its boilerplate "General Objections" apply to all responses, and the failure to assert an objection "shall not be deemed a waiver."  Since Defendant's "General Objections and Qualifications" clearly violate the F.R.Civ.P., they are improper and should be ordered stricken.  False statements that contradict federal law have no place in interrogatory answers.

Going even further, Defendant "objects to all individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the

1   attorney work product doctrine or any other applicable privilege," and claims it

2   "shall not be deemed a waiver" if Defendant does not "specifically object to an

3   individual interrogatory. . .."  This objection constitutes improper gamesmanship.

4   The law is well settled, boilerplate objections like this are insufficient to assert a

5   privilege.  See *Burlington Northern & Santa Fe Ry. Corp. v. United States Dist.*

6   *Court for Dist. of Montana* (9th Cir. 2005) 408 F.3d 1142, 1148.  Moreover, when

7   information is withheld pursuant to a privilege (or work product protection), the

8   party must: (1) "***expressly make the claim***" of privilege in response to a specific

9   question; and, (2) "***describe*** the nature of the . . . ***things not produced or disclosed***

10  in a manner that . . . will enable other parties to assess the applicability of the

11  privilege or protection." F.R.Civ.P. 26(b)(5)(A), emphasis added.

12      Next, Defendant generally "objects to all of the individual Interrogatories to

13  the extent that they seek the discovery of sensitive and confidential business,

14  financial and/or proprietary information of Responding Party or any third party." It

15  is clearly abusive to assert boilerplate objections for unidentified persons or entities.

16  How is Plaintiff to know who or what "any third party" is?  If Defendant wants to

17  assert a privilege objection, based on allegedly confidential information, it must

18  make a specific objection to a particular question and provide a privilege log. This

19  boilerplate objection prevents Plaintiff from challenging improperly asserted

20  privileges, and knowing what privilege is even being claimed.  Hence, this is clearly

21  an abuse of discovery.

22      Defendant's improper boilerplate objections continue by asserting, "The

23  Responding Party objects to all of the individual Interrogatories to the extent they

24  purport to impose upon Responding Party the burden of furnishing information that

25  is not available to it or that is equally or more readily available to Propounding

26  Party."  A party cannot refuse to respond to discovery by claiming information is in

27  the possession of, or more readily available to, the requesting party. See *Davidson* v.

28  *Goord* (WD N.Y. 2003) 215 FRD 73, 77; See also *DIRECTV, Inc. v. Puccinelli*  (D

13

1  KS 2004) 224 FRD 677, 689.  Furthermore, if Defendant objects that "furnishing

2  information" is burdensome, then Defendant must "particularize" the basis for the

3  objection (i.e., what is burdensome). *Nagele v. Electronic Data Systems Corp.* (WD

4  NY 2000) 193 FRD 94, 109.  Here, Defendant does not state which interrogatories

5  are burdensome, let alone particularize a basis for the objection.

6        Defendant then "objects to the Interrogatories as a whole, and in combination

7  with the other written discovery requests served simultaneously on Responding

8  Party, to the extent that they are repetitive, overbroad, unduly burdensome and

9  oppressive, and are intended to harass and annoy." This boilerplate objection is

10 improper for several reasons.  First, interrogatory objections must explain how a

11 question is overbroad, unduly burdensome, etc. See, *Mitchell v. National R.R.*

12 *Passenger Corp.* (D. DC 2002) 208 FRD 455, 458, fn. 4; See also, *St. Paul*

13 *Reinsurance Co., Ltd. v. Commercial Fin'l Corp.,* (N.D. IA 2001) 198 FRD 508,

14 512.  Second, "The grounds for objecting to an interrogatory must be stated with

15 specificity." F.R.Civ.P. 33(b)(4). Therefore, Defendant cannot "object to the

16 Interrogatories as a whole." Finally, interrogatory responses should not refer to other

17 documents, discovery, etc.; a response should be complete in itself.  See *Scaife v.*

18 *Boenne*, *supra*, 191 FRD at 594.  Hence, it is improper for Defendant to object "in

19 combination with the other written discovery requests."

20       Defendant's boilerplate nuisance objections conclude by stating, "Responding

21 Party objects to each and every Interrogatory that is vague, ambiguous and/or

22 overbroad. Further, the Responding Party objects to each and every Interrogatory

23 which is compound, requires the Responding Party to speculate or presents to

24 Responding Party an incomplete hypothetical."  This string of nuisance objections is

25 improper.  Again, Defendant is required to make specific objections (F.R.Civ.P.

26 33(b)(4)) and the *Mitchell* and *St. Paul Reinsurance Co.* cases, *supra*, make it clear

27 Defendant must explain what is "vague, ambiguous and/or overbroad."  Moreover,

28 Defendant is required to use reason and common sense before claiming an

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL INTERROGATORIES

1 | interrogatory is ambiguous, and if needed Defendant can include a reasonable

2 | definition of supposedly vague terms or phrases to clarify its answers. *Pulsecard,*

3 | *Inc. v. Discover Card Services, Inc.* (D. KS 1996) 168 FRD 295, 310.

4 |     Asserting every objection imaginable, and claiming the boilerplate objections

5 | apply to all questions, is an abuse of discovery.  All of this was carefully planned.

6 | Defendant's boilerplate objections are designed to evade discovery, by withholding

7 | information.  Proof of this is shown by the fact that Defendant refused to include a

8 | sentence in each response stating nothing was withheld pursuant to the objections.

9 | Defendant's gamesmanship is inexcusable.

10 | **i.**     **How Plaintiff Proposed to Resolve the Dispute**

11 |     During the meet and confer process Plaintiff tried to get defense counsel to

12 | withdraw its general objections and qualifications.  Defendant refused.  Plaintiff then

13 | tried to get defense counsel to withdraw the most outrageous general objections.

14 | Again, defense counsel completely refused.  Finally, in an effort to compromise,

15 | Plaintiff requested that Defendant simply confirm in each response that it was not

16 | withholding information pursuant to the boilerplate objections.  Defense counsel

17 | even refused this very reasonable request; stating the objections were proper and if

18 | Plaintiff's counsel wanted them removed he would have to compel the removal.

19 | Accordingly, Plaintiff respectfully requests that Defendant be ordered to remove its

20 | "General Objections and Qualifications."

21 | **B.**     **Defendant's Contentions on the "General Objections"**

22 |     Nothing received from defense counsel.

23 |

24 | **V.**     **CONTENTIONS ON DEFENDANT'S SPECIFIC INTERROGATORY**

25 |     **RESPONSES AND OBJECTIONS**

26 |     As explained above, since Defendant's boilerplate preliminary statement and

27 | general objections are expressly "incorporated" into each interrogatory response, and

28 | the statement/objections make it impossible to know whether information is being

withheld, Defendant should be ordered to provided supplemental responses to all interrogatories devoid of the abusive statement/objections (i.e., including those not discussed immediately below, which would be acceptable if not for the objections). Listed below are the specific interrogatory responses Plaintiff takes issue with. Each interrogatory is followed, verbatim, by Defendant's specific objections and response (if any), then Plaintiff's and Defendant's contentions.

### A. <u>INTERROGATORY NO. 2</u>

IDENTIFY the women who worked at the front desk of YOUR Travelodge motel on August 16, 2008 between the hours of 5:00 p.m. and 7:00 p.m.

**Defendant's Specific Objections and Response:** Responding Party objects to the extent that this Interrogatory seeks information which is confidential and/or proprietary in nature. Responding Party objects to the extent that the request seeks private information protected from disclosure. Responding Party objects to this interrogatory to the extent that it seeks proprietary or other confidential information and private information that is protected from disclosure by the privacy rights afforded to Responding Party and third party. Without waiving the foregoing objections, Responding Party responds as follows: Raquel Dela Rosa. Ms. Dela Rosa can be contacted through counsel of record for Responding Party.

### i. <u>Plaintiff's Contentions on Interrogatory No. 2</u>

Plaintiff takes issue with Interrogatory No. 2 because Defendant is withholding witness contact information, and Plaintiff is not required to accept defense counsel's claim the witness can be contacted through their office. Interrogatory No. 2 simply asked for the contact information of the hotel employee who refused Plaintiff a room. This information is unquestionably relevant and crucially important; indeed virtually nothing is more important in discovery than identifying witnesses and obtaining their contact information. Further, simply stating a witness can be "contacted" through defense counsel does not mean the

1  witness authorized Defendant or its counsel to accept service on the witness's
2  behalf. Contact information is, therefore, essential.

3         Plaintiff's interrogatory definitions specifically state, "'IDENTIFY' a person,
4  means to state the name, residence address, business address, phone numbers, [and]
5  employer along with the employer's address."  It is clearly a nuisance objection to
6  claim this interrogatory seeks "private information" that is "confidential and/or
7  proprietary in nature."  This interrogatory does not ask about any "privacy" issues
8  recognized under federal law.  Plaintiff is not asking about trade secrets, sensitive
9  documents, or anything else "proprietary in nature."  Nor is Plaintiff asking for
10 confidential financial information, or about the witness's medical condition, sexual
11 orientation, etc.  This question only seeks a crucial witness's contact information.

12        Defendant's idea that the witness may be "contacted through counsel" is
13 evasive and insufficient.  "Contact" through defense counsel does not provide a way
14 of serving process.  Defense counsel does not have authorization to accept service of
15 process (i.e. a trial subpoena or a summons) and, even if this was done, there is
16 nothing to stop the witness from revoking such authority.  Plaintiff has a right to be
17 able to subpoena a witness.  Moreover, since "Ms. Dela Rosa" is not a party in this
18 case, this Court does not have jurisdiction over her.  Therefore, it is crucial to have
19 contact information so Plaintiff can assure the Court obtains jurisdiction over the
20 witness (via a subpoena) should it be necessary.  Defense counsel is improperly
21 trying to hamper this ability, which is unacceptable.

22        The federal rules are clear.  The party answering interrogatories must furnish
23 "such information as is available to the party." F.R.Civ.P. 33(a).  Defendant
24 undoubtedly has contact information for this important witness.  Defendant's
25 response is therefore evasive because it does not provide any contact information.
26 According to F.R.Civ.P. 37(a)(4), "an ***evasive . . . response must be treated*** as a
27 failure to . . . respond."  Defendant's failure to provide contact information is the
28 same as a failure to respond.

### a.     <u>How Plaintiff Proposed to Resolve the Dispute</u>

Plaintiff requested that Defendant remove its improper objections and provide the witness's contact information.  Defendant refused, claiming its objections were appropriate and the response was sufficient because "Ms. Dela Rosa can be contacted through counsel for Responding Party."  In an attempt to compromise, Plaintiff asked Defendant to simply state in the response that Ms. Dela Rosa authorized Defendant and its counsel to accept service of process for her.  Again, defense counsel refused, leaving Plaintiff no choice but to move to compel contact information.

### ii.     <u>Defendant's Contentions on Interrogatory No. 2</u>

Nothing received from defense counsel.

### B.     <u>INTERROGATORY NO. 8</u>

In this litigation, are YOU making any contention that Norma Davis has acted improperly in any matter?

**Defendant's Specific Objections and Response:** Responding Party objects on the grounds that the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine.  Responding Party objects to this interrogatory on the ground that it is propounded for the purpose of harassing Responding Party. Without waiving the foregoing objections, Responding Party responds as follows: Unknown at this time. Discovery has just commenced, and Responding Party reserves its right to supplement this response.

### i.     <u>Plaintiff's Contentions on Interrogatory No. 8</u>

This is an excellent example of Defendant's obstructive tactics in discovery. There is no justification for refusing to respond to this interrogatory, which simply requires Defendant to answer "yes" or "no" it contends Plaintiff acted improperly. The defense certainly has sufficient information to know whether it is making such a contention.  The response to this interrogatory shows Defendant is withholding information pursuant to boilerplate objections.

1   Defendant has objected to revealing its contentions based on boilerplate work

2 product and attorney client privilege objections.  Asserting attorney client privilege

3 is nonsense.  This interrogatory simply asked Defendant to state, yes or no, if it

4 contends Plaintiff acted improperly.  The interrogatory does not ask for

5 communications between Defendant and its attorneys.

6   Defendant cannot conceal its contentions in discovery by simply giving

7 information to its attorneys.  *Brunswick Corp. v. Suzuki Motor* (ED WI 1983) 96

8 FRD 684, 686.  If Defendant's attorney-client privilege objection was valid there

9 would be no point in conducting discovery; all a party would have to do is tell its

10 attorney all the facts in a case then refuse to answer discovery based on privilege

11 objections.  Fortunately, this is not how discovery works.  The attorney-client

12 privilege has a "limited purpose of encouraging full and frank disclosure by the

13 client to his or her attorney." *Clarke v. American Commerce Nat'l. Bank* (9th Cir.

14 1992) 974 F.2d 127, 129.  It is abusive to refuse to state simple contentions based on

15 the attorney-client privilege.

16   Work product privilege is also not a valid objection to an interrogatory that

17 merely seeks to determine whether a contention is being made.  If information is

18 known to persons over whom Defendant has control (i.e., employees like "Ms. Dela

19 Rosa"), Defendant has a duty to obtain such information and provide it. *Continental*

20 *Bank v. Caton* (1991) 136 FRD 682, 686.  Further, information known by employees

21 is subject to discovery and not protected as work product. *General Dynamics Corp.*

22 *v. Seib Mfg. Co.* (8th Cir. 1973) 481 F.2d 1204, 1210.  Defendant has certainly

23 obtained sufficient information from its hotel front desk managers/employees to

24 enable it to provide an answer to this question, but rather than provide a response,

25 defense counsel asserts pages of boilerplate objections and absolutely refuses to

26 answer anything under phony claims of privilege.   Defendant's objections to this

27 interrogatory are pure evasive gamesmanship.

28

1    The claim that this interrogatory was "propounded for the purpose of

2 harassing" Defendant is ridiculous.  Attempting to discover whether a party is

3 making certain contentions is clearly not harassing. This interrogatory is a simple

4 question.  If the defense is not contending Plaintiff acted improperly, it should

5 provide an answer and state such.  Defendant, however, claims it is unable to

6 respond because, "Discovery has just commenced."  This response is evasive and

7 blatantly false.  This case has been pending for six months, more than sufficient time

8 for Defendant to answer such a simple question.

9    It is clear the defense is trying to withhold information, and refuse to state its

10 contentions, so that it can spring information on Plaintiff at trial.  Plaintiff needs

11 assistance from the court to prevent a trial by ambush.  Defendant should be ordered

12 to give a full and complete answer, and sanctions should be recommended to

13 discourage Defendant and its counsel's continued discovery abuses.

14    **a.    How Plaintiff Proposed to Resolve the Dispute**

15    During the Meet & Confer process Plaintiff went through the boilerplate

16 objections, discussed immediately above, by explaining why they were improper

17 and needed to be removed.  For example, Plaintiff asked Defendant to either remove

18 its privilege/work product objections, or provide a privilege log (i.e., give a basic

19 description of supposedly protected documents/conversations, who conversations

20 were with or where the documents were form, etc.) so that Plaintiff could challenge

21 improperly asserted privilege objections.  It did no good.  Defense counsel insisted

22 all the objections were proper and refused to provide a simple yes or no response.

23    Plaintiff then attempted to resolve this dispute by proposing Defendant simply

24 state in the response that no information was being withheld pursuant to objections,

25 and that it had spoken with its employees/managers about whether Plaintiff acted

26 improperly at the hotel, but was unable to answer the question.  This reasonable

27 proposal was also refused.  Defense counsel stated no objections would be removed,

28 no privilege log would be provided, and no supplemental response would be given.

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL INTERROGATORIES

1 Since Defendant failed "to provide information" regarding whether its contention

2 was that Plaintiff acted improperly, Defendant should no longer be "allowed to use

3 that information . . . at a trial." F.R.Civ.P, 37(c)(1).

4       **ii.**    **Defendant's Contentions on Interrogatory No. 8**

5      Nothing received from defense counsel.

6       **C.**    **INTERROGATORY NO. 9**

7      If so, state the facts upon which YOU base such a contention, including

8 setting forth YOUR evidence in support.

9      **Defendant's Specific Objections and Response:** Responding Party objects

10 on the grounds that the interrogatory seeks information protected by the attorney-

11 client privilege or attorney work product doctrine. Responding Party objects to this

12 interrogatory on the ground that it is propounded for the purpose of harassing

13 Responding Party. Without waiving the foregoing objections, Responding Party

14 responds as follows: Unknown at this time. Discovery has just commenced, and

15 Responding Party reserves its right to supplement this response.

16       **A.**    **Plaintiff's Contentions on Interrogatory No. 9**

17      This interrogatory is merely a follow up to No. 8, above.  It simply asks what

18 facts Defendant might have to support the contention that Plaintiff acted improperly.

19 Defendant's response to this simple interrogatory is just a cut and paste job; word for

20 word the objections and response is identical to No. 8.  Accordingly, the same

21 analysis applied to Interrogatory No. 8, applies equally here.

22      It should be noted that abusive tactics like the ones Defendant is employing,

23 are a terrible waste of judicial resources and make simple discovery arduous and

24 expensive.  Defendant's repeated efforts to obstruct discovery is driving up the costs

25 and fees in this case dramatically.

26       **a.**    **How Plaintiff Proposed to Resolve the Dispute**

27      Plaintiff attempted to resolve this dispute in the same fashion as Interrogatory

28 No. 8, above.  Defense counsel refused to confer in good faith; stating that all of the

objections were valid, none would be withdrawn and that asking for contentions was equivalent to demanding work product that would never be given.  It was impossible to work out even the slightest agreement.

### ii.   Defendant's Contentions on Interrogatory No. 9

Nothing received from defense counsel.

### D.   INTERROGATORY NO. 10

If YOU contend that Norma Davis has committed fraud with regard to any matter, fully state the evidence supporting this contention.

**Defendant's Specific Objections and Response:** Responding Party objects on the grounds that the interrogatory seeks information protected by the attorney-client privilege or attorney work product doctrine.  Responding Party objects to this interrogatory on the ground that it is propounded for the purpose of harassing Responding Party. Without waiving the foregoing objections, Responding Party responds as follows: Unknown at this time. Discovery has just commenced, and Responding Party reserves its right to supplement this response.

### i.   Plaintiff's Contentions on Interrogatory No. 10

This interrogatory is similar to No. 8, above, but it differs in that it asked whether Defendant contends Plaintiff committed any type of fraud in this case.  At the inception of this case defense counsel sent an e-mail demanding Plaintiff dismiss her case, or Defendant would bankrupt Plaintiff and her counsel with the costs and fees incurred in defending this case. Defense counsel attached several internet articles to this e-mail, wherein the defense claimed to have prevailed in some trivial cases by accusing the plaintiffs in those unrelated cases of being frauds.  The intent of Interrogatory No. 10 is to flush out whether the defense plans on making a meritless fraud contention in this case.

It should be noted that although this is a different question, which relates specifically to fraud, Defendant's response and objections to this question are once again word for word identical to the responses to Interrogatories Nos. 8 and 9 above.

These repetitive boilerplate objections and responses are a clear example of abusive discovery tactics, precisely what is condemned by the Federal Rules of Civil Procedure and Federal Rules Decisions.

According to F.R.Civ.P, 37(c)(1), "If a party fails to provide information . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."  Here, there can be little doubt Defendant's refusal to state its own contentions were not substantially justified (i.e., the defense does not need information from plaintiff to state its own contentions).  Further, Defendant's failure to provide information and state its contentions is not harmless; it has caused Plaintiff serious harm.

Plaintiff propounded this written discovery over two months ago, if Defendant had simply answered these questions Plaintiff would have been able to conduct further discovery on Defendant's contentions.  The discovery cut-off date in this case is just over one month away.  Plaintiff does not have time to do follow up written discovery on Defendant's contentions. Since Defendant absolutely refused to provide information about whether it was contending Plaintiff acted fraudulently, Defendant should not now be permitted to use any such information or assert fraud at trial.  This is only fair.

### a.    How Plaintiff Proposed to Resolve the Dispute

Once again Plaintiff tried to resolve this dispute in the same fashion as the disputes discussed above.  Plaintiff explained how every objection was improper, and why it was important to know if the defense was contending Plaintiff acted fraudulently.  Defense counsel stated all objections were proper, none would be withdrawn, and whether the defense was claiming fraud required the disclosure of work product and attorney-client privileged communications.

### ii.    Defendant's Contentions on Interrogatory No. 10

Nothing received from defense counsel.

# VI.     CONTENTIONS ON A RECOMMENDATION OF SANCTIONS

## A.     Plaintiff's Contentions on a Recommendation of Sanctions

According to 28 U.S.C. § 636(b), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . A judge of the court may [then] accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." In this case, the judge designated a magistrate judge "to hear and determine" discovery disputes pending before the court.  Plaintiff therefore respectfully requests an order giving monetary sanction recommendations for Defendant's evasive responses to interrogatories.

F.R.Civ.P. 37(a)(4) states, "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Here, the boilerplate objections and interrogatory responses are designed to be both evasive and incomplete.  For example, it was clearly evasive for Defendant to refuse to provide a "yes" or "no" answer to Interrogatory No.7 (i.e., if Defendant was "making any contention" Plaintiff acted improperly), and Defendant intentionally gave an incomplete answer by refusing to provide contact information for "Ms. Dela Rosa," in response to Interrogatory No. 2.  As such, Defendant's evasive and incomplete interrogatory answers must be treated as a failure to answer.

"A party seeking discovery may move for an order compelling an answer . . . This motion may be made if: a party fails to answer an interrogatory . . .." F.R.Civ.P. 37(a)(3)(B)(iii).  According to F.R.Civ.P. 37(a)(5), "If the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . or attorney advising that conduct, or both to pay the movant's reasonable . . . attorney's fees. [Unless] (i) the movant filed the motion before attempting in good faith to obtain . . . discovery without court action; (ii) the opposing party's . . . response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Here, Plaintiff repeatedly tried in good faith to convince

1   Defendant that it's interrogatory answers were evasive and incomplete, first by

2   sending a letter and then by conducting a telephonic conference. When Defendant

3   refused to confer in good faith, Plaintiff even tried to compromise by asking

4   Defendant to simply state that no information was being withheld pursuant to its

5   improper boilerplate objections. Plaintiff clearly attempted to obtain interrogatory

6   answers "without court action," and there can be no doubt Defendant's evasive and

7   incomplete boilerplate answers are not "substantially justified."

8        Since defense counsel's refusal to remove improper objections and provide

9   non-evasive/complete interrogatory answers is completely unjustified, sanctions

10  should be recommended.  As the attached Declaration of Plaintiff's counsel attests,

11  over fifteen (15) hours has been spent attempting to resolve this dispute, and drafting

12  this motion to compel.  An additional five (5) or more hours will also be spent

13  preparing a reply and attending the hearing of this matter. In order to be

14  "reasonable" pursuant to the Federal Rules, Plaintiff is only requesting a

15  recommendation of attorney's fees for 10 hours of his time. Since Plaintiff's counsel

16  bills at a rate of $295/hr., it is therefore respectfully requested that an order be

17  provided to the judge recommending Defendant and its counsel pay fees and

18  expenses of $2,950.00 for cost and fees incurred in this motion.

19       **i.    How Plaintiff Proposed to Resolve the Dispute**

20       Plaintiff told Defendant that if all the boilerplate objections were removed and

21  complete/non-evasive answers were provided, a motion to compel responses and

22  attorney's fees would not be necessary.  Defense counsel was also informed that if a

23  motion to compel was required, reasonable attorney fees would be sought. It did no

24  good, defense counsel refused to compromise.

25       **B.    Defendant's Contentions on a Recommendation of Sanctions**

26       Nothing received from defense counsel.

27  / / /

28  / / /

1  **V.     CONCLUSIONS**

2         **A.     Plaintiff's Conclusion**

3         To date, Plaintiff has been unable to get Defendant to cooperate with any form

4  of discovery.  Defendant has taken the position Plaintiff can do nothing.  It is

5  regretful that assistance from this court is necessary to obtain simple discovery, but

6  Defendant and its counsel have consistently shown without court interventions

7  nothing will be provided to Plaintiff.

8         **B.     Defendant's Conclusion**

9

10  **Signature of Plaintiff's counsel:**

11  Dated: June 10, 2009                              **STITES LAW FIRM**

12

13                                                    By:   _/s/ Aaron G. Stites_
                                                           Aaron G. Stites

14                                                    Attorney for Plaintiff

15  **Signature of Defendant's counsel:**

16

17  Dated:

18         **DEFENSE COUNSEL DID NOT RETURN WITH SIGNATURE**

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF AARON STITES

I, Aaron Stites, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court and all courts of the State of California, and am the attorney of record herein for Plaintiff Norma Davis.  The facts set forth herein are true of my own personal knowledge, and if called as a witness I could and would competently testify to what is stated.

2.      During the meet and confer process I attempted to resolve this dispute via a letter and long personal telephone conferences.  The pre-filing conferences were done by telephone because the attorney's offices are in different counties (about 100 miles apart).  Lengthy pre-filing conferences on this motion to compel answers to interrogatories were conducted on May 6, 2009 with opposing attorney Scott Ferrell and on May 22, 2009 with opposing attorney Mr. Renfro.  The pre-filing conference with Mr. Ferrell on May 22nd took well over one hour, and during this pre-filing conference I explained in detail why Defendant's boilerplate objections and limitations violated the Rule of Civil Procedure. I asked defense counsel to remove, some but not all of the improper boilerplate objections/preliminary statement and provide non-evasive interrogatory answers pursuant to the Federal Rules of Civil Procedure.  Defense counsel listened but refused all agreements.  Not one single objections would be removed, and nothing would be removed in the long boilerplate preliminary objections and limitations. Defense counsel cut off all discussion about the merits of Plaintiff's contention by refusing to explain why all of the boilerplate objections were appropriate or defensible.  Defense counsel only made one trivial agreement, to provide one supplemental response (i.e., to Interrogatory No. 6).  When Defendant refused to compromise I tried to avoid this motion by asking defense counsel to simply state in each response that no information was being withheld and answer the simple contention interrogatories that were propounded.  After defense counsel refused this very reasonable offer I was left with no choice but to seek assistance from the court.

27

3.     It appears the only way to get any answers to discovery is by this motion and by sanctions to be imposed.  I therefore respectfully request an order recommending monetary sanctions.  I have spent over fifteen (15) hours trying to resolve this dispute, and then preparing this joint stipulation (e.g., conducting legal research, conferring with my client, law clerk and co-counsel, etc.).  I will probably spend more than five (5) hours studying Defendant's papers, preparing a response brief and for oral argument, and traveling to court on this dispute.  If Defendant and its counsel were ordered to pay for all of my time, well in excess of twenty (20) hours, they might finally get the message that discovery is not a game and evasive tactics are not acceptable.  However, to be reasonable in accordance with the federal rules, I am only requesting sanctions for ten (10) hours of my time.  My normal billing rate is $295.00 in this case.  I therefore respectfully request an order recommending Defendant and its counsel pay $2,950.00 in attorney's fees for forcing this motion to compel Defendant to remove evasive boilerplate objections, and provide complete non-evasive responses to simply interrogatories.

4.     In supplement to this motion and in accord with the requirements of L.R. 37-2.4 to state Defendant's failure to provide opposing party's portion of the joint stipulation, Plaintiff states the following occurred.  Following L.R. 37-2.2, Plaintiff's counsel served electronically this Separate Statement on defense counsel on June 2, 2009.  According to L.R. 37-2.2,  defense counsel had five (5) court days (until June 9, 2009) to personally deliver, e-mail or fax to Plaintiff's counsel Defendant's portion of the stipulation.  To the present time (noon of June 10th), when this declaration is prepared, there has been nothing from defense counsel on this joint stipulation or the dispute on these interrogatories.

**5.**     Plaintiff's counsel would like to emphasize that there has been a nearly complete failure of Defendant to answer discovery.  They have cancelled all depositions notices Plaintiff sent, and refused to agree to any new dates, they have

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL INTERROGATORIES

answered all written discovery with long boilerplate motions and a few evasive incomplete responses that say almost nothing.

6.      The efforts to meet and confer have been absolutely worthless.  The only thing defense counsel will do is refuse to remove improper objections and answer discovery, since they expect that any discovery motion will be rejected.

7.      Plaintiff respectfully urges this motion to be heard.  If this motion is again rejected, the reward will go to Defendant's tactic of refusing to answer discovery.  That should not happen.

8.      Attached hereto as Exhibit "1" is a true and correct copy of Plaintiff's First Set of Special Interrogatories to Defendant Los Angeles Travelodge West Partnership, L.P.

9.      Attached hereto as Exhibit "2" is a true and correct copy of Defendant Los Angeles Travelodge West Partnership, L.P.'s Responses to Plaintiff's First Set of Special Interrogatories.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Dated:  June 10, 2009

_____*/s/ Aaron G. Stites*_____
Aaron G. Stites
Declarant and Attorney for Plaintiff

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL INTERROGATORIES

Aaron G. Stites (SBN: 255994)
agstites@stitesfirm.com
STITES LAW FIRM
4215 Tierra Rejada Road, #197
Moorpark, CA 93021
Tel: (310) 743-6438

Attorneys for Plaintiff
JANE DOE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) Case No. CV08-8279 CBM (CTx) |
| Plaintiff, | ) **SPECIAL INTERROGATORIES** |
| | ) **PROPOUNDED BY PLAINTIFF TO** |
| v. | ) **DEFENDANT LOS ANGELES** |
| | ) **TRAVELODGE WEST PARTNERSHIP,** |
| LOS ANGELES WEST TRAVELODGE; | ) **L.P.** |
| and DOES 1 through 10, | ) |
| Defendants. | ) Complaint Filed:   12/18/2008 |
| | ) Trial Date:         None Set |

PROPOUNDING PARTY:   Plaintiff Jane Doe

RESPONDING PARTY:     Defendant Los Angeles Travelodge West Partnership, L.P.

SET NUMBER:           One

TO:   DEFENDANT LOS ANGELES TRAVELODGE WEST PARTNERSHIP, L.P.

AND THEIR ATTORNEYS OF RECORD:

Plaintiff, JANE DOE, hereby requests that Defendant, LOS ANGELES

TRAVELODGE PARTNERSHIP WEST, L.P., and their attorneys of record, answer the

1   following Special Interrogatories, Set One, under oath, within thirty (30) days from the

2   date of service, pursuant to Federal Rules of Civil Procedure, Rule 33.

3                                   **DEFINITIONS**

4          Unless the context clearly indicates otherwise, the following words and phrases are

5   defined and used herein as follows:

6          A.     "YOU" and "YOURS" refers to Defendant, LOS ANGELES

7   TRAVELODGE PARTNERSHIP WEST, L.P.

8          B.     "PLAINTIFF" refers to JANE DOE whose name is Norma Davis.

9          C.     "INCIDENT" includes the circumstances and events surrounding the Norma

10  Davis being at Defendants' Travelodge motel on August 16, 2008, at approximately 6:30

11  p.m.

12         D.     "COMMUNICATION" means, unless otherwise specified, any of the

13  following:

14                (1)    any letter, memorandum or other document exchanged, received, or

15  transmitted;

16                (2)    any oral conversation between two or more persons, whether such

17  conversation was by chance or pre-arranged, formal or informal, by telephone or in person;

18                (3)    any meeting between two or more persons, whether such contact was

19  by chance or pre-arranged, formal or informal, or

20                (4)    any documentation summarizing or describing such document,

21  exchange, oral communication or meeting.

22         E.     "DOCUMENT" means all written, typewritten, printed, recorded or graphic

23  matters, however produced or reproduced, whether draft or final, whether signed or

24  unsigned. This definition includes any and all of the following: papers; records; notes;

25  summaries; schedules; press releases; reports; memoranda of telephone or in-person

26  conversation by or which any person; letters; telegrams; telexes; tapes; transcripts;

27  recordings; photographs; pictures; films; computer programs; data printouts; discs; any

28  kind of electronically or mechanically recorded materials; or any other graphic; symbolic;

SPECIAL INTERROGATORIES TO DEFENDANT
LOS ANGELES TRAVELODGE WEST PARTNERSHIP, L.P.

**EXHIBIT 1**

1  recorded or written materials of any nature whatsoever. Any copy of a document that
2  contains any comments, notations, addition, insertion, or marketing of any kind is to be
3  considered a separate document.

4      F.      "EVIDENCE" means and refers to testimony, material objects, or other
5  things presented to the senses that may be offered to prove the existence or nonexistence of
6  a fact, and all writings, and other things included in the original and any copy of any
7  written, recorded, filmed or graphic matter, whether produced or reproduced on papers,
8  cards, tapes, film, electronic facsimile, computer storage devices or any other media,
9  including, but not limited to writings (as defined by Federal Rules of Evidence § 1001),
10  memoranda, notes, minutes, records, photographs, movies, video-tapes, audio recordings,
11  correspondence, telegrams, telexes, diaries, bookkeeping entries, financial statements, tax
12  returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks,
13  handwritten notes, plans, architectural drawings, applications, proposals, agreements,
14  books, pamphlets, articles, leaflets, appointment calendars, work papers, and notes, records
15  and recordings of oral conversations.

16      G.      "PERSON" means and refers to any natural person, individual, corporation,
17  partnership, proprietorship, joint venture, governmental entity, and any other public or
18  private entity.

19      F.      "IDENTIFY" a document means to describe it with sufficient detail that it
20  may be specified in a subpoena or notice to produce, including the date, addressor,
21  addressee, persons copied, and general description of subject matter.  If the document is
22  claimed to be privileged, state the basic foundational facts, listed above.

23      E.      "IDENTIFY" a person, means to state the name, residence address, business
24  address, phone numbers, employer along with the employer's address.

25

26                          **SPECIAL INTERROGATORIES**

27      1.      Have you ever been named as a defendant in any suit alleging violation of the
28  Americans with Disabilities Act of 1990?

1       2.    IDENTIFY the women who worked at the front desk of YOUR Travelodge

2   motel on August 16, 2008 between the hours of 5 p.m. and 7 p.m.

3       3.    State the relationship of Mark Beccaria to YOUR Travelodge motel.

4       4.    IDENTIFY any license/franchise agreement with Travelodge.

5       5.    State the requirements, if any, that YOUR franchisor/licensor has set for

6   YOUR Travelodge motel relating to disabled persons.

7       6.    IDENTIFY any complaints by disabled persons related to accommodations at

8   YOUR Travelodge motel.

9       7.    IDENTIFY any complaints relating to a service dog at YOUR Travelodge.

10      8.    In this litigation, are YOU making any contention that Norma Davis has

11  acted improperly in any matter?

12      9.    If so, state the facts upon which YOU base such a contention, including

13  setting forth YOUR evidence in support.

14      10.   If YOU contend that Norma Davis has committed fraud with regard to any

15  matter, fully state the evidence supporting this contention.

16

17  Dated: March 4, 2009

18                                     **STITES LAW FIRM**

19

20

21                          By: _____

22                                Aaron Stites

23                                Attorneys for Plaintiff
                              JANE DOE

24

25

26

27

28

4

**EXHIBIT 1**

1

## PROOF OF SERVICE

2    At the time of service I was over 18 years of age and not a party to this action. My business address is 4215 Tierra Rejada Road, #197, Moorpark, California 93021.

3    On the date stated below, I served the following document(s):

4

## SPECIAL INTERROGATORIES

5    I served the documents on the persons at the address, and/or electronic notification address as follows:

6    Scott J. Ferrell, Esq.
     Ryan M. McNamara, Esq.

7    Call, Jensen & Ferrell
     610 Newport Center Drive, Suite 700

8    Newport Beach, CA 92660
     Fax: (949) 717-3100

9

     Attorneys for Defendant

10   LOS ANGELES WEST TRAVELODGE PARTNERSHIP, L.P.

11   The documents were served by the following means:

12   [X] (**By U.S. MAIL**) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following

13   our ordinary business practices. I am readily familiar with the Stites Law Firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is

14   placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed

15   in the county where the mailing occurred. The envelope or package was placed in the mail at Moorpark, California.

16

17   [X] (**By FACSIMILE TRANSMISSION**) On the date below, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone

18   number is (805) 531-9402, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth above. The transmission

19   was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately

20   following the transmission.

21   I declare under penalty of perjury under the law of the State of California that the forgoing is true and correct.

22

     Date: 3/4/2009

23

24                                          /S/ Aaron Stites
                                            Aaron Stites

25

26

27

28

                                          5
           _____
                    SPECIAL INTERROGATORIES TO DEFENDANT
              LOS ANGELES TRAVELODGE WEST PARTNERSHIP, L.P.      **EXHIBIT 1**

1  Scott J. Ferrell, Bar No. 202091
2  Ryan M. McNamara, Bar No. 223606
   CALL, JENSEN & FERRELL
3  A Professional Corporation
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA  92660
   Tel: (949) 717-3000
5  Fax: (949) 717-3100

6  Attorneys for Defendant
7  Los Angeles Travelodge West Partnership, L.P.,
   erroneously sued herein As Los Angeles West Travelodge

8

9                  **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12  JANE DOE,                          | Case No.  CV08-8279 CBM (CTx)

13            Plaintiff,               | **DEFENDANT LOS ANGELES WEST**
                                       | **TRAVELODGE'S RESPONSES AND**
14        vs.                          | **OBJECTIONS TO REQUEST FOR**
                                       | **ADMISSIONS, SET ONE**
15  LOS ANGELES WEST TRAVELODGE;
16  and DOES 1 through 10,

17            Defendants.

18

19                                     | Complaint Filed:  December 18, 2008
                                       | Trial Date:       None Set
20

21  PROPOUNDING PARTY:      Plaintiff JANE DOE

22  RESPONDING PARTY:       Defendant LOS ANGELES WEST TRAVELODGE

23  SET NO.:                One

24

25      Defendant Los Angeles West Travelodge ("Responding Party" or "Defendant")

26  hereby responds to Plaintiff Jane Doe's ("Propounding Party" or "Plaintiff") Request

27  for Admissions, Set One as follows:

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                    - 1 -
DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE
                                                              **EXHIBIT 2**

1. **PRELIMINARY STATEMENT.**

Responding Party has not completed its discovery in this matter and has not completed preparation for trial. The following responses are based on Responding Party's knowledge as of the date of these responses and are limited to information currently available to Responding Party after reasonable and diligent investigation. The responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts and/or documents.

Responding Party will respond to each Request as it understands and interprets the Request. If Propounding Party asserts an interpretation of a specific Request that differs from that of Responding Party, Responding Party reserves its rights to supplement its objections and/or responses.

This Preliminary Statement/Objection is incorporated by this reference into each and every response below as though set forth in full therein.

2. **GENERAL OBJECTIONS AND QUALIFICATIONS.**

The following General Objections are in addition to and are incorporated in each of the Specific Responses set forth in Part 3 below:

A. Responding Party objects to all of the individual Requests to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection. To the extent that the Requests call for information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection, Responding Party hereby claims such privilege and invokes such protection. The fact that Responding Party does not specifically object to an individual Request on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09

- 2 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS, SET ONE

**EXHIBIT 2**

     B.     Responding Party objects to all of the individual Requests to the extent they purport to impose upon Responding Party the burden of furnishing information that is not available to it or that is equally or more readily available to Propounding Party.

     C.     Responding Party objects to all of the Requests containing the word "you" or "you or anyone acting on your behalf" as being vague, ambiguous and overbroad in light of the definitions provided for such terms.  To the extent that any response has been provided to any such interrogatories, Responding Party has assumed the term "you" to mean Responding Party only.

     D.     The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

## 3.    SPECIFIC RESPONSES.

     Subject to and without waiving the foregoing General Objections and Qualifications, Responding Party answers as follows:

**REQUEST FOR ADMISSION NO. 1**:

     An elderly lady of African-American descent, with a dog, was in the lobby of your Los Angeles Travelodge West motel at approximately 6:00 p.m. on August 16, 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

     Discovery and investigation into subject matter of this action have just begun. Accordingly, after a diligent inquiry, Responding Party do es n ot presently possess

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS, SET ONE

**EXHIBIT 2**

1   sufficient information to respond fully to this request.  Responding Party therefore

2   reserves the right to rely, for any purpose, upon information subsequently discovered

3   during the course of such discovery and investigation.  Further, Responding Party's

4   analysis of known facts, application of legal principles to those facts and legal research

5   into the subject matter of this action is continuing, and Responding Party anticipates

6   that such investigation, analysis, and research may reveal new facts and contentions,

7   and add meaning to known facts and contentions.  Responding Party further objects to

8   the extent that the Request is vague and ambiguous.  Without waiving the foregoing

9   objections, and without admitting or denying the request, Responding Party responds as

10  follows: After a reasonable search and diligent inquiry, Responding Party is presently

11  unable to admit or deny the Request.  Discovery is continuing, and Responding Party

12  reserves its right to supplement this Request.

13

14  **REQUEST FOR ADMISSION NO. 2**:

15      A woman employee of the Los Angeles Travelodge West motel was working at

16  the front desk at approximately 6:00 p.m. on August 16, 2008.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

18      Responding Party objects to the extent that the Request is vague and ambiguous.

19  Without waiving the foregoing objections, Responding Party responds as follows:

20  Admit.

21

22  **REQUEST FOR ADMISSION NO. 3**:

23      Plaintiff, whose name is Norma Davis, was denied room accommodations at the

24  Los Angeles Travelodge West on August 16, 2008.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

26      Responding Party objects to the extent that the Request is vague and ambiguous.

27  Without waiving the foregoing objections, Responding Party responds as follows:

28  Deny.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                    - 4 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE

**EXHIBIT 2**

1

2   **REQUEST FOR ADMISSION NO. 4:**

3   On August 16, 2008 Plaintiff was denied room accommodations at the Los

4   Angeles Travelodge West because she is African-American.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

6   Responding Party objects to the extent that the Request is vague and ambiguous.

7   Without waiving the foregoing objections, Responding Party responds as follows:

8   Deny.

9

10   **REQUEST FOR ADMISSION NO. 5:**

11   On August 16, 2008 Plaintiff told the woman working at the front desk of the Los

12   Angeles Travelodge West that Plaintiff's dog is a service dog.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

14   Discovery and investigation into subject matter of this action have just begun.

15   Accordingly, after a diligent inquiry, Responding Party does not presently possess

16   sufficient information to respond fully to this request. Responding Party therefore

17   reserves the right to rely, for any purpose, upon information subsequently discovered

18   during the course of such discovery and investigation. Further, Responding Party's

19   analysis of known facts, application of legal principles to those facts and legal research

20   into the subject matter of this action is continuing, and Responding Party anticipates

21   that such investigation, analysis, and research may reveal new facts and contentions,

22   and add meaning to known facts and contentions. Responding Party further objects to

23   the extent that the Request is vague and ambiguous. Without waiving the foregoing

24   objections, and without admitting or denying the request, Responding Party responds as

25   follows: After a reasonable search and diligent inquiry, Responding Party is presently

26   unable to admit or deny the Request. Discovery is continuing, and Responding Party

27   reserves its right to supplement this Request.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                     - 5 -
DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE

**EXHIBIT 2**

**REQUEST FOR ADMISSION NO. 6:**

At the hour of 6:00 p.m. on August 16, 2008 the Los Angeles Travelodge West motel was sold out for the night.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party objects to the extent that the Request is vague and ambiguous. Without waiving the foregoing objections, Responding Party responds as follows: Admit-on or about 6 p.m. on August 16, 2008 the Los Angeles Travelodge West motel was sold out for the night.

**REQUEST FOR ADMISSION NO. 7:**

The woman working the front desk of the Los Angeles Travelodge West told Plaintiff the motel was sold out on August 16, 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Discovery and investigation into subject matter of this action have just begun. Accordingly, after a diligent inquiry, Responding Party doe s not presently possess sufficient information to respond fully to this request. Responding Party therefore reserves the right to rely, for any purpose, upon information subsequently discovered during the course of such discovery and investigation. Further, Responding Party's analysis of known facts, application of legal principles to those facts and legal research into the subject matter of this action is continuing, and Responding Party anticipates that such investigation, analysis, and research may reveal new facts and contentions, and add meaning to known facts and contentions. Responding Party further objects to the extent that the Request is vague and ambiguous. Without waiving the foregoing objections, and without admitting or denying the request, Responding Party responds as follows: After a reasonable search and diligent inquiry, Responding Party is presently unable to admit or deny the Request. Discovery is continuing, and Responding Party reserves its right to supplement this Request.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                    - 6 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE

**EXHIBIT 2**

1  **REQUEST FOR ADMISSION NO. 8:**

2  On August 16, 2008 room accommodations were offered to Plaintiff at the Los

3  Angeles Travelodge West.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

5  Discovery and investigation into subject matter of this action have just begun.

6  Accordingly, after a diligent inquiry, Responding Party do es n ot presently possess

7  sufficient information to respond fully to this request. Responding Party therefore

8  reserves the right to rely, for any purpose, upon information subsequently discovered

9  during the course of such discovery and investigation. Further, Responding Party's

10 analysis of known facts, application of legal principles to those facts and legal research

11 into the subject matter of this action is continuing, and Responding Party anticipates

12 that such investigation, analysis, and research may reveal new facts and contentions,

13 and add meaning to known facts and contentions. Responding Party further objects to

14 the extent that the Request is vague and ambiguous.  Without waiving the foregoing

15 objections, and without admitting or denying the request, Responding Party responds as

16 follows: After a reasonable search and diligent inquiry, Responding Party is presently

17 unable to admit or deny the Request.  Discovery is continuing, and Responding Party

18 reserves its right to supplement this Request.

19

20 **REQUEST FOR ADMISSION NO. 9:**

21 When Plaintiff was at the Los Angeles Travelodge West on August 16, 2008 she

22 conducted herself in a reasonable manner.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

24 Discovery and investigation into subject matter of this action have just begun.

25 Accordingly, after a diligent inquiry, Responding Party do es n ot presently possess

26 sufficient information to respond fully to this request. Responding Party therefore

27 reserves the right to rely, for any purpose, upon information subsequently discovered

28 during the course of such discovery and investigation. Further, Responding Party's

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION     LOS03-01:477310_1:3-31-09                              - 7 -
DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE                                    **EXHIBIT 2**

1   analysis of known facts, application of legal principles to those facts and legal research

2   into the subject matter of this action is continuing, and Responding Party anticipates

3   that such investigation, analysis, and research may reveal new facts and contentions,

4   and add meaning to known facts and contentions.  Responding Party further objects to

5   the extent that the Request is vague and ambiguous.  Without waiving the foregoing

6   objections, and without admitting or denying the request, Responding Party responds as

7   follows: After a reasonable search and diligent inquiry, Responding Party is presently

8   unable to admit or deny the Request.  Discovery is continuing, and Responding Party

9   reserves its right to supplement this Request.

10

11   **REQUEST FOR ADMISSION NO. 10:**

12   When Plaintiff was at the Los Angeles Travelodge West on August 16, 2008 the

13   dog with her did not act improperly.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

15   Discovery and investigation into subject matter of this action have just begun.

16   Accordingly, after a diligent inquiry, Responding Party do es n ot presently possess

17   sufficient information to respond fully to this request.  Responding Party therefore

18   reserves the right to rely, for any purpose, upon information subsequently discovered

19   during the course of such discovery and investigation.  Further, Responding Party's

20   analysis of known facts, application of legal principles to those facts and legal research

21   into the subject matter of this action is continuing, and Responding Party anticipates

22   that such investigation, analysis, and research may reveal new facts and contentions,

23   and add meaning to known facts and contentions.  Responding Party further objects to

24   the extent that the Request is vague and ambiguous.  Without waiving the foregoing

25   objections, and without admitting or denying the request, Responding Party responds as

26   follows: After a reasonable search and diligent inquiry, Responding Party is presently

27   unable to admit or deny the Request.  Discovery is continuing, and Responding Party

28   reserves its right to supplement this Request.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                                      - 8 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE

**EXHIBIT 2**

1  **REQUEST FOR ADMISSION NO. 11:**

2      There are architectural barriers at the Los Angeles West Travelodge.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

4      Responding Party objects to this request on the grounds that it is vague and

5  ambiguous as to the terms "architectural barriers".  Responding Party further objects to

6  the interrogatory as it assumes facts that are not in evidence.   Without waiving the

7  foregoing objections, Responding Party responds as follows: Deny

8

9  **REQUEST FOR ADMISSION NO. 12:**

10      It is impracticable to remove the architectural barriers at the Los Angeles West

11  Travelodge.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

13      Responding Party objects to this request on the grounds that it is vague and

14  ambiguous as to the terms "impracticable" and "architectural barriers".   Responding

15  Party further objects to the interrogatory as it assumes facts that are not in evidence.

16  Without waiving the foregoing objections, Responding Party responds as follows: Deny

17

18  **REQUEST FOR ADMISSION NO. 13:**

19      Admit that it is technically infeasible to remove the architectural barriers at the

20  Los Angeles West Travelodge.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

22      Responding Party objects to this request on the grounds that it is vague and

23  ambiguous as to the terms "technically infeasible" and "architectural barriers".

24  Responding Party further objects to the interrogatory as it assumes facts that are not in

25  evidence.   Without waiving the foregoing objections, Responding Party responds as

26  follows: Deny

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                                      - 9 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE                                            **EXHIBIT 2**

**REQUEST FOR ADMISSION NO. 14:**

The Los Angeles Travelodge West does not allow dogs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Responding Party objects to the extent that the Request is vague and ambiguous as to the term "dog". Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 15:**

The Los Angeles Travelodge West owns the real property where the motel is located.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding Party objects to the extent that the Request is vague and ambiguous. Without waiving the foregoing objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 16:**

Any discrimination Plaintiff suffered at the Los Angeles Travelodge West resulted from isolated interruption in the services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Discovery and investigation into subject matter of this action have just begun. Accordingly, after a diligent inquiry, Responding Party do es n ot presently possess sufficient information to respond fully to this request. Re sponding Party therefore reserves the right to rely, for any purpose, upon information subsequently discovered during the course of such discovery and investigation. Further, Responding Party's analysis of known facts, application of legal principles to those facts and legal research into the subject matter of this action is continuing, and Responding Party anticipates that such investigation, analysis, and research may reveal new facts and contentions, and add meaning to known facts and contentions. Responding Party further object to

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09

- 10 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS, SET ONE

**EXHIBIT 2**

1    the extent that the Request is vague and ambiguous. Without waiving the foregoing

2    objections, and without admitting or denying the request, Responding Party responds as

3    follows: After a reasonable search and diligent inquiry, Responding Party is presently

4    unable to admit or deny the Request. Discovery is continuing, and Responding Party

5    reserves its right to supplement this Request.

6

7    **REQUEST FOR ADMISSION NO. 17:**

8        Norma Davis has done nothing fraudulent.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

10        Discovery and investigation into subject matter of this action have just begun.

11    Accordingly, after a diligent inquiry, Responding Party do es n ot presently possess

12    sufficient information to respond fully to this request. Responding Party therefore

13    reserves the right to rely, for any purpose, upon information subsequently discovered

14    during the course of such discovery and investigation. Further, Responding Party's

15    analysis of known facts, application of legal principles to those facts and legal research

16    into the subject matter of this action is continuing, and Responding Party anticipates

17    that such investigation, analysis, and research may reveal new facts and contentions,

18    and add meaning to known facts and contentions. Responding Party further objects to

19    the extent that the Request is vague and ambiguous. Without waiving the foregoing

20    objections, and without admitting or denying the request, Responding Party responds as

21    follows: After a reasonable search and diligent inquiry, Responding Party is presently

22    unable to admit or deny the Request. Discovery is continuing, and Responding Party

23    reserves its right to supplement this Request.

24

25    **REQUEST FOR ADMISSION NO. 18:**

26        The franchisor/licensor has sent written rules to the Los Angeles Travelodge

27    West stating that service dogs are allowed at the motel.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09        - 11 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE

**EXHIBIT 2**

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding Party objects to the extent that the Request is vague and ambiguous. Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 19:**

There are written rules at the Los Angeles Travelodge West providing that there is to be no discrimination against African-Americans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Responding Party objects to the extent that the Request is vague and ambiguous. Without waiving the foregoing objections, Responding Party responds as follows: Deny-Responding Party has an oral policy not to discriminate.

**REQUEST FOR ADMISSION NO. 20:**

Only the defendant Los Angeles Travelodge West L.P. is responsible for the operation of the Travelodge motel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding Party objects to the extent that the Request is vague and ambiguous. Without waiving the foregoing objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 21:**

Mark Beccaria has control over the operation of the Los Angeles Travelodge West motel.

/ / /

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09                 - 12 -
DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE
**EXHIBIT 2**

1  **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 21:</u>**

2    Responding Party objects to the extent that the Request is vague and ambiguous.

3  Without waiving the foregoing objections, Responding Party responds as follows:

4  Admit.

5  Dated:  March 31, 2009       CALL, JENSEN & FERRELL
             A Professional Corporation

6               Scott J. Ferrell
             Ryan M. McNamara

7

8               By:

9                 Ryan M. McNamara

10              Attorneys for Defendant Los Angeles Travelodge

11              West Partnership, L.P., erroneously sued herein
             as Los Angeles West Travelodge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

LOS03-01:477310_1:3-31-09        - 13 -

DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR
ADMISSIONS, SET ONE

**EXHIBIT 2**

# CERTIFICATE OF SERVICE
## (United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On March 31, 2009, I have served the foregoing document described as **DEFENDANT LOS ANGELES WEST TRAVELODGE'S RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS, SET ONE** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

[ ]   (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[X]   (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]   (BY OVERNIGHT SERVICE) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]   (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]   (BY E-MAIL)   I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

**EXHIBIT 2**

[  ]   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ X ]   (FEDERAL)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on March 31, 2009, at Newport Beach, California.

Janelle Mulford

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

**EXHIBIT 2**

1

## SERVICE LIST

2

3    Aaron G. Stites, Esq.                          Attorneys for Plaintiff
     Stites Law Firm
4    4215 Tierra Rejada Road, #197
     Moorpark, CA 93021
5    Tel: (310) 743-6438
     agstites@stitesfirm.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

**EXHIBIT 2**