UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 08-8279-CMB(CTx)      **Date:** June 18, 2009

**Title:**   NORMA DAVIS v. LOS ANGELES TRAVELODGE WEST PARTNERSHIP, LP, et al.
===============================================================
DOCKET ENTRY:
===============================================================
PRESENT:      Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

                   Deborah Malone                _____
                   Deputy Clerk                       Court Reporter

     ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
               None present                        None present

**PROCEEDINGS:**    (ORDER: DENYING PLAINTIFF'S MOTION COMPEL AND REQUEST
                    FOR A RECOMMENDATION OF SANCTIONS; AND, TAKING JULY 6,
                    2009, HEARING OFF CALENDAR)

     The court has received plaintiff's motion to compel defendant to
provide further responses to her interrogatories and request for a
recommendation of monetary or preclusive sanctions.  The requests are
**DENIED.**

     Despite the court's repeated admonishments that the parties must
comply with the local rules, the document filed with the court is not
a true joint stipulation. See L.R. 37.  It is evident, too, that the
parties have not engaged in a good faith effort to resolve this
dispute.  The result is an unconscionable waste of court resources
and needless expense to counsels' clients.

     According to defendant's contentions in the so-called joint
stipulation, defendant has provided plaintiff with supplemental
responses to her interrogatory requests.  These include, according to
defendant, supplemental answers to the four requests plaintiff has
placed at issue here.  They eliminate, moreover, the boilerplate
preliminary and general objections plaintiff also has placed in
issue.

     Notwithstanding this, the court observes that plaintiff does not
directly address the supplemental responses or attempt to convince
the court that they are deficient. Instead, she continues to argue
the insufficiency of defendant's *original* responses. She also
purports to seek sanctions "regardless" of whether defendant has
supplemented its responses. (See Declaration of Aaron Stites, ¶¶ 38-
39.)  It is, therefore, unclear to the court what issues, if any,
actually remain in dispute.

     An award of sanctions is not warranted at this time.  The court

is less than pleased with the conduct of both parties, and is disappointed it had to waste its time on yet another improperly filed motion.

If defendant did not, in fact, supplement its responses, plaintiff's counsel may re-notice this motion upon 21-days notice as is required by the local rules. See L.R. 37-3. **Any further motion relating to other discovery disputes or to the sufficiency of any supplemental responses must be brought by way of a properly filed, concise joint stipulation that complies with the form requirements of Local Rule 37-2.1.**

The court again recommends the parties retain a special master to assist them with their discovery.

**IT IS SO ORDERED.**

cc:   Judge Marshall

        Aaron Glenn Stites, Esq.
        Stites Law Firm
        4215 Tierra Rejada Rd., Suite 197
        Moorpark, CA 93021

        Scott J. Ferrell, Esq.
        Ryan M. McNamara, Esq.
        Call, Jensen & Ferrell
        610 Newport Center Drive, Suite 700
        Newport Beach, CA 92660